ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101
Attorneys for Andrzej Mazur,
Tomasz Mryc, Miroslaw Slupinski,
Zygmunt Sokolowski, Krystyna
Wisniewska-Maciorowska, Eric O'Brien
and Felix Vazquez

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

10 MAY 11  AM 10: 12

JAMES J. WALDRON

DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
---------------------------------------------------------------------X
In re:

PETER TRIESTMAN,

                      Debtor.

**CHAPTER 7**

**Case No.: 09-24566-MS**

**Adversary No.: 09-2333**

---------------------------------------------------------------------X
ANDRZEJ MAZUR, TOMASZ MRYC,
MIROSLAW SLUPINSKI, ZYGMUNT
SOKOLOWSKI, KRYSTYNA
WISNIEWSKA-MACIOROWSKA, ERIC
O'BRIEN and FELIX VAZQUEZ

                      Plaintiffs,

    -against-

PETER TRIESTMAN,

                      Defendant
---------------------------------------------------------------------X

**AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Andrzej Mazur, Tomasz Mryc, Miroslaw Slupinski, Zygmunt Sokolowski, Krystyna

Wisniewska-Maciorowska, Eric O'Brien, and Felix Vazquez ("Plaintiffs"), by their attorneys, Robert Wisniewski P.C., sues the Defendant Peter Triestman ("Defendant") and will show to the Court the following:

1. This is an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001 et. seq. Jurisdiction is vested in this Court by virtue of 28 U.S.C. §1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and § 157(b)(2)(J). Plaintiff seeks a determination of NON-DISCHARGEABILITY of Defendant's debt to Plaintiffs under 11 U.S.C. §523(a)(6) to DISCHARGE of Defendant's debt under 11 U.S.C. §727(a)(4)(A).

3. Venue in this District is proper since the adversary proceeding arises out of, and is brought in conjunction with, a case under Title 11 of the United States Code which is pending in this District.

4. Defendant is the debtor in this bankruptcy case, having filed a voluntary petition for bankruptcy relief on June 5, 2009. *See*, Defendant's bankruptcy petition as **Exhibit 1 (all exhibits in original complaint)**.

### DEFENDANT'S RELATIONSHIP TO PLAINTIFFS

5. Plaintiffs are wood workers formerly employed by Defendant and various companies that he owns, Triestman & Sons, Inc., Olek Lejbzon & Company, Inc., and A&O Olek Lejbzon ("Triestman Companies").

6. The Triestman Companies are commercial woodworking and manufacturing companies owned by Defendant, who operated them out of the same location first in Manhattan and, subsequently, in Newark. Defendant is the officer, shareholder, manager and a sole owner of

these companies.

7. According to Defendant, the Triestman Companies were, in fact, a single company that used the Olek Lejbzon & Company trade name after purchasing its assets, including its goodwill, in 1986. *See,* Plaintiffs' deposition of Defendant on May 27, 2007 and August 29, 2007 as **Exhibit 2**, pp. 80-89.

8. The Triestman companies' website is http://www.oleklejbzon.com, (attached as **Exhibit 3**) and these companies primarily used the Olek Lejbzon & Company name on all of its documents, except for its advertising in the Yellow Pages, where it went by the A&O Olek Lejbzon & Company name because that name was better for advertising in that venue. *See,* **Exhibit 2**, pgs. 86-87. Olek Lejbzon & Company's website contains testimonials from satisfied customers. *See,* **Exhibit 4**.

9. Plaintiff Mazur is a former employee of the Defendant and the Triestman Companies who was employed as a carpenter helper from October 11, 2001 until September 14, 2004.

10. Plaintiff Mryc is a former employee of Defendant and the Triestman Companies who was employed as a carpenter from approximately January 14, 2002 until approximately October 18, 2002, and as a finisher-varnisher from approximately December 23, 2002 until approximately August 29, 2003.

11. Plaintiff Slupinski is a former employee of Defendant and the Triestman Companies who was employed as a foreman from approximately November 13, 2002 to January 27, 2004.

12. Plaintiff Sokolowski is a former employee of the Defendant and the Triestman Companies who was employed as a carpenter helper from April 23, 2003 to August 29, 2003.

13. Plaintiff Wisniewska is a former employee of the Defendant and the Triestman Companies who was employed as a finisher from approximately December 1, 1999 until approximately November 1, 2002 (with a break in employment of about 2 months around October to November of 2001).

14. Plaintiff Vazquez is a former employee of the Defendant and the Triestman Companies who was employed as a driver from approximately October 2, 2001 through June 21, 2002.

## PROCEDURAL HISTORY OF THE ACTION IN THE SOUTHERN DISTRICT OF NEW YORK

15. On February 16, 2005, Plaintiffs brought an action in the Southern District of New York against Defendant, the Triestman Companies and Lejbzon Olek Custom Refinishing, a company Defendant denies having any ownership interests over (SDNY Docket No.: **05 cv 2194**). The suit alleges violations of the Fair Labor Standard Act, 29 U.S.C. 216(b), as well as violations of New York and New Jersey state law. *See*, the operative complaint, attached as **Exhibit 5**.

16. The case against Defendant in the Southern District of New York was at the pre-trial stage, ready for trial, all discovery having been completed when Defendant filed for bankruptcy on June 5, 2009.

17. As part of discovery in their case against Defendant in the Southern District of New York, Plaintiffs deposed Defendant on May 27, 2007 and August 29, 2007. *See*, **Exhibit 2**.

18. Plaintiffs' demand in their case against Defendant in the Southern District of New York included not only damages and liquidated damages, but also attorneys' fees and costs under 29 U.S.C.A. § 216(b), New York Labor Law § 663(1), and New Jersey State Wage and Hour

Law, N.J.S.A. 34:11-56a 25 and Plaintiffs have incurred over $149,000 in attorneys' fees and $8,000 in costs.

19. Shortly after Defendant filed for bankruptcy, Plaintiffs moved to amend their complaint in the Southern District of New York to add Olek, Inc., a company first revealed by Defendant in his bankruptcy petition, as a Defendant as a successor-in-interest of the Triestman Companies. *See*, Plaintiffs' motion amend the complaint, attached as **Exhibit 6**.

**PLAINTIFFS' CLAIMS AGAINST DEFENDANT**

20. Plaintiffs regularly worked at least 40 hours per week but were not paid for all the time they worked for Defendant and the Triestman Companies.

21. The Triestman Companies bid upon, obtained and performed, publicly-financed projects – city, state and federal projects located within the States of New York and New Jersey.

22. The Triestman Companies performed contracts entered into between it and the various governmental instrumentalities, which contracts were covered by the relevant provisions of the N.Y. Labor Law, N.J. Labor Law and various federal laws relating to "prevailing wages" to be paid to employees of the Triestman Companies.

23. The Triestman Companies entered into a contract with Plaintiffs to perform the work for which Plaintiffs provided labor, and that such work was part of publicly financed projects covered by the provisions of N.Y. Labor Law, N.J. Labor Law and various federal laws.

24. When the Triestman Companies entered into the aforesaid contracts to perform the work for which Plaintiffs provided labor, the Triestman Companies were required, under relevant law, to pay their employees, including the Plaintiffs, a "prevailing wage" that was

specified in such contract or was incorporated by reference into such contract.

25. Plaintiffs were persons covered by, and/or intended to benefit from, the provisions of N.Y. Labor Law, N.J. Labor Law and/or other federal law, in respect to their work on the projects for which they provided labor.

26. At all times relevant herein, the Triestman has acted for and on behalf of the Triestman Companies, with the power and authority vested in him as officer, agent and employee of the Triestman Companies, and has acted in the course and scope of his duties and functions as agent, employee and officer of the Triestman Companies.

27. At all times relevant herein, Defendant has directly managed, handled, or been responsible for, the payroll and/or payroll calculations of the Triestman Companies or by virtue of his position with the Triestman Companies has been responsible for the proper management and handling of the payroll and payroll calculations at the Corporate Defendants.

28. Defendant had control over the conditions of Plaintiffs' employment, their work schedule, the rates and methods of payment of their wages, and the maintenance of their employment records.

29. At all relevant times, Defendant had operational control over the Triestman Companies and its employees.

30. As a matter of economic reality, Defendant and the Triestman Companies are joint employers of Plaintiffs and, as a result, Defendant, individually and collectively, and jointly and severally, is liable for all claims made herein.

31. Because Defendant had operational control over the Triestman Companies, under the Fair Labor Standards Act, 29 U.S.C. §201 et. seq., New York Labor Law and New Jersey Labor, Defendant is personally liable to Plaintiffs for all unpaid wages and unpaid overtime, as

well as liquidated damages, interest, and attorneys' fees and costs.

32. Although Plaintiffs' employer, Defendant made no attempt to determine his obligations as Plaintiffs' employer to pay overtime and proper wages to his employees. *See*, Triestman Dep. Tr., taken on May 25, 2007 and August 29, 2007, attached as **Exhibit 2**, pgs. 140-144

33. Defendant acknowledged that he did not pay his employees proper overtime wages under federal, and New York and New Jersey, laws and that he made no effort to determine his obligations as an employer, except reading a single article in an unnamed publication over fifteen (15) years ago. *See*, **Exhibit 2**, p. 143.

34. Triestman admittedly did not pay his workers for overtime hours at the legally mandated overtime rate, but claims he paid them their regular hourly rate for hours worked in excess of forty (40) hours per week. *See*, **Exhibit 2**, pp. 140-141.

35. As part of his scheme to make Plaintiffs' receiving their hard-earned wages especially difficult, Defendant would often instruct his employees to meet at the Triestman Companies' company shop, where they would be expected to wait, often for hours, for their pay.

36. Yet despite forcing his employees to wait hours for their pay, Triestman would often fail to pay them and instruct them to return the following week to receive their weekly wages.

## DEFENDANT'S IMPROPER CASH PAYMENTS

37. Additionally, as Defendant admitted at his deposition in the Southern District matter that he had a policy of paying Plaintiffs herein and his other employees in cash, allegedly for their benefit. *See*, **Exhibit 2**, p. 150.

38. Defendant also admitted that he also had a policy to pay his employees of

previous companies that he owned in cash, also allegedly for their benefit. *See*, **Exhibit 2**, p. 65-74

39. Defendant failed to adequately identify the source of the cash used to make payments to his employees, merely alleging that he obtained the cash from loans from family members and other individuals, but could not produce any details of such alleged loans and did not list any family members as creditors in his bankruptcy petition. *See*, **Exhibit 2**, pgs. 170-176. *See*, Defendant's bankruptcy filing, Schedule F, attached as **Exhibit 1**.

40. Upon information and belief, Defendant received cash payments from clients, and would then use that cash to pay his employees.

41. Upon information and belief, as part of this scheme, Defendant knowingly and willfully engaged in tax fraud.

42. Although Defendant, as an employer, was obligated to take withholdings from his employees' salaries, Defendant failed to take proper withholdings under federal and state law.

43. While Defendant provided his employees with W-2 forms that purportedly list the wages paid to Defendant's employees as required by Federal law, Defendant's calculator printouts, which allegedly record the wages paid to Defendant's employees for each years of Plaintiffs' employment, do not match the W-2 forms. *See*, Triestman Companies' Calculator Printouts for Plaintiffs Andrzej Mazur, Tomasz Mryc, Miroslaw Slupinski, Zygmunt Sokolowski, Krystyna Wisniewska-Maciorowska, and Felix Vazquez and W-2 forms for a number of Plaintiffs as **Exhibit 7** and Plaintiffs' damages calculations as **Exhibit 8**.

44. Upon information and belief, Defendant took withholdings from Plaintiffs but intentionally did not transmit the proper withholdings to the IRS.

45. Upon information and belief, Debtor's concealment of the cash income his

businesses generated was taken with the intent to defraud Plaintiffs and other creditors, including the Internal Revenue Service.

**HISTORY OF OLEK, INC.**

46. Defendant intentionally concealed the existence of Olek, Inc., a successor-in-interest of the Triestman Companies, from Plaintiffs from June 21, 2007, when the company was incorporated, until June 5, 2009, despite having an obligation to disclose his assets to Plaintiffs.

47. At his deposition in Plaintiffs' action in the Southern District on May 27, 2007, Defendant candidly admitted that he was the sole owner of the Triestman Companies and claimed that he did not have any ownership interests in any other company. *See*, **Exhibit 2**, pgs. 80-89.

48. At Defendant's continued deposition in the Southern District matter on August 29, 2007, however, he did not correct his earlier statements about not owning an interest in any other company, even though he was well-aware that he owned an interest in Olek, Inc., which had been formed on June 21, 2007, and despite being afforded an opportunity to make changes to his testimony. *See*, New Jersey State Business Gateway Service report listing information on Olek, Inc., as **Exhibit 9**.

49. On Schedule B of his petition, Defendant, for the first time, identified equity in Olek, Inc., which is valued at $10,000.

50. Defendant did not list ownership interests in Triestman & Sons, Inc., Olek Lejbzon & Company, Inc., A&O Olek Lejbzon & Company, despite stating two years earlier at his deposition in the Southern District matter that he was the sole owner of the companies.

51. Upon information and belief, Defendant transferred the assets of the Triestman Companies to Olek, Inc. in 2007.

52. Defendant concealed from Plaintiffs Olek, Inc.'s existence and the transfer of the assets of the Triestman Companies to Olek, Inc., despite being under a legal obligation to do so, until he filed his bankruptcy petition on June 5, 2009.

53. After learning on June 5, 2009 that Defendant had an ownership interest in Olek, Inc., Plaintiffs investigated the company and discovered a number of facts.

54. Olek, Inc. uses the same phone number as the Triestman Companies.

55. The phone number listed on Olek Lejbzon & Company's website is still operative and is used for business, despite Triestman & Sons, Inc., Olek Lejbzon & Company, Inc., and A&O Olek Lejbzon & Company, apparently being defunct.

56. Upon information and belief, Olek, Inc. uses the same employees, and solicits and services the same clients Triestman & Sons, Inc., Olek Lejbzon & Company, Inc., and A&O Olek Lejbzon & Company.

57. Upon information and belief, Olek, Inc. is virtually the same company as Triestman & Sons, Inc., Olek Lejbzon & Company, Inc., A&O Olek Lejbzon & Company, in all but a minor variation of the name.

58. Olek, Inc. is the successor-in-interest of Triestman & Sons, Inc., Olek Lejbzon & Company, Inc., and A&O Olek Lejbzon & Company, companies that will owe Plaintiffs a significant amount of money after a judgment is entered in Plaintiffs' favor, and Olek, Inc. was set up by Defendant for the sole purpose of concealing his assets with the intent to defraud Plaintiffs herein by depriving them of any means of recovering the wages Defendant denied them.

59. Upon information and belief, Olek, Inc. currently employs between fifteen and twenty employees who are paid in cash and off the books.

60. Upon information and belief, the Triestman Companies and Olek, Inc. did not comport with corporate formalities and are the alter egos of Defendant, and the Triestman Companies and Olek, Inc. have no separate legal existence from Defendant.

61. Since Defendant did not follow corporate formalities, he is the true owner of the assets of the Triestman Companies and Olek, Inc, which he failed to list on his bankruptcy petition.

### COUNT I
### NON-DISCHARGEABILITY OF DEFENDANTS' DEBT TO PLAINTIFFS - 11 U.S.C. §523(a)(6))

62. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

63. Defendant willfully, maliciously, and repeatedly failed to pay Plaintiffs the wages required under various Federal, New York, and New Jersey laws, and failed to compensate them for all hours worked.

64. Defendant's willful and malicious failure to compensate Plaintiffs properly for work performed caused Plaintiffs irrevocable harm.

65. Repeated failures to pay proper wages is considered a willful violation under New York, New Jersey, and federal law.

66. Defendant acted with the knowledge that his failure to properly pay Plaintiffs for all hours worked caused injury to Plaintiffs.

67. Defendant's conduct of intentionally not paying his employees proper wages, coupled with his expectation that his employees wait for hours outside the company shop on pay day before receiving their pay, indicates a willful failure to compensate Plaintiffs properly under relevant federal and state laws and an intentional, willful and malicious desire to injure Plaintiffs

such that Defendant's debt to Plaintiffs should not be discharged..

## COUNT II
## NON-DISCHARGE OF DEFENDANT'S DEBT - 11 U.S.C. §727(a)(4)(A) and (B)

68. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

69. Defendant knowingly and fraudulently made a false oath or account.

70. Upon information and belief, Defendant operated a "cash business" whereby clients would pay for work in cash, and Defendant would not report the cash income on his tax returns.

71. Upon information and belief, Defendant has significantly more assets than reported on **Schedules A** and **B** of his bankruptcy filing.

71. Upon information and belief, Defendant failed to include the full value of his ownership interest in Olek, Inc., a company, which upon information and belief, employs fifteen to twenty employees, on his bankruptcy petition.

72. Upon information and belief, Defendant failed to include all of his assets on his bankruptcy petition.

73. Notably, Defendant failed to include his ownership interest in Triestman & Sons, Inc. despite the fact he had an interest in Triestman & Sons, Inc. within the six (6) years prior to Defendants' bankruptcy.

74. By failing to include all his assets on his bankruptcy petition, Defendant intentionally and fraudulently made a false statement.

75. Upon information and belief, Defendant failed to include all of his assets on bankruptcy petition with an intent to deceive.

76. Failure to include all of Defendants' assets was a material omission, and, as such, is not incidental.

77. Defendant's debts should not be discharged insofar as Defendant failed to report all of his assets, including the full value of his interest in Olek, Inc., and, as such, has made a false oath and account.

## COUNT III
## NON-DISCHARGE OF DEFENDANT'S DEBT - 11 U.S.C. §727(a)(2)(A) and (B)

78. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

79. Defendant's debt is non-dischargeable under 11 U.S.C § 727(a)(2)(A) and (B) because the Defendant concealed the existence of Olek, Inc. and its assets, as a successor to Triestman & Sons, from plaintiffs in the federal court action for at least two (2) years prior to the Defendant's bankruptcy filing, and has failed, as part of his bankruptcy filing, to disclose his former or current interest in Triestman & Sons as well as the full extent of his ongoing interest Olek, Inc., his earnings therefrom, and the nature and scope of Olek Inc.'s continued operations.

## COUNT IV
## NON-DISCHARGE OF DEFENDANT'S DEBT - 11 U.S.C. §727(a)(3)

80. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

81. Defendant's debt is non-dischargeable under 11 U.S.C § 727(a)(3) because the Defendant, by his own admission, has failed to keep recorded information from which his financial condition can be ascertained, particularly as it relates to his business interests and earnings from Triestman & Sons and Olek, Inc., dating back to at least 2001, and has not provided a sufficient justification as why such records were not maintained.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment against Defendant Peter Treistman pursuant to 11 U.S.C. §523(a)(6) finding the amount owed to Plaintiffs is not dischargeable and under 11 U.S.C. §727(a)(4)(A) and (B), 11 U.S.C. §727(a)(2)(A) and (B), and 11 U.S.C. §727(a)(3) finding that Defendant's debt should not be discharged, plus statutory interest, together with costs and reasonable attorney's fees.

Dated: New York, NY
May 7, 2010

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski, Esq.
Attorney for Andrzej Mazur, Tomasz Mryc,
Miroslaw Slupinski, Zygmunt Sokolowski,
Krystyna Wisniewska-Maciorowska, Eric
O'Brien, and Felix Vazquez
225 Broadway - Suite 1020
New York, New York 10007
(212) 267-2101
rw@rwapc.com

TO:

Robert M. Rich, Esq., Attorney for Debtor/Defendant
25 Pompton Ave.
Verona, NJ 07044
tel.: (973) 239-2255

cc: Catherine E. Youngman, Esq., Trustee
Feitlin Youngman Karas & Youngman, LLC
9-10 Saddle River Road
Fair Lawn, NJ 07410