ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101
Attorneys for Andrzej Mazur,
Tomasz Mryc, Miroslaw Slupinski,
Zygmunt Sokolowski, Krystyna
Wisniewska-Maciorowska, Eric O'Brien
and Felix Vazquez

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------------X

In re:

PETER TRIESTMAN,    **CHAPTER 7**

**Case No.: 09-24566-MS**

Debtor.    **Adversary No.: 09-2333**

---------------------------------------------------------------------X

ANDRZEJ MAZUR, TOMASZ MRYC,
MIROSLAW SLUPINSKI, ZYGMUNT
SOKOLOWSKI, KRYSTYNA
WISNIEWSKA-MACIOROWSKA, ERIC
O'BRIEN and FELIX VAZQUEZ    **DECLARATION OF ROBERT WISNIEWSKI IN OPPOSITION TO DEFENDANT PETER TRIESTMAN'S MOTION TO QUASH**

Plaintiffs,

-against-

PETER TRIESTMAN,

Defendant
---------------------------------------------------------------------X

ROBERT WISNIEWSKI hereby declares the following pursuant to 28 U.S.C. §1746:

-1-

1.  I am the attorney for the Plaintiffs in the above-captioned action, and as such I am familiar with the facts and circumstances of the within action to the extent set forth herein.

### *Facts of this Matter*

2.  In 2005, Plaintiffs brought an action in the Southern District of New York against Debtor-Defendant Triestman and various companies he owed that employed Plaintiffs for unpaid wages and unpaid overtime under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), New York Labor Law Articles 6 and 19 and § 198-b and §193 and as well as under the New Jersey State Wage and Hour Law, N.J.S.A. 34:11, et. seq., specifically N.J.S.A. 34:11-56a25, and under the common law of the state of New York. ("New York Action"). Triestman possessed the sole ownership of these companies, Olek Lejbzon & Company, A&O Olek Lejbzon & Company, Triestman & Sons, Inc. (hereinafter the "Triestman Companies"). That matter is currently stayed because of the bankruptcy proceeding before this Court.

3.  On June 5, 2009, Triestman filed for bankruptcy protection before this Court. On September 10, 2009, within the time period allotted by Fed.R.Bankr.P. 4004(a), Plaintiffs initiated an adversary proceeding before this Court by filing a complaint. Upon consent, Plaintiffs filed an amended complaint on May 11, 2010. In doing so, Plaintiffs brought two general types claims. First, Plaintiffs claimed that their debt should not be discharged because Triestman's willful failure to pay them proper wages constituted a malicious and willful injury under 11 U.S.C. §523(a)(6)). As detailed in Plaintiffs' complaint, Triestman candidly admitted that he did not pay Plaintiffs at the higher overtime rate under the Fair Labor Standard Act, 29 U.S.C. 201 et. seq. for all hours they worked in excess of forty.

4.  Plaintiffs also brought causes of action for non-dischargeability of Triestman's

debt under 11 U.S.C. §727. These causes of action stemmed from Triestman's failure to report all his assets on his petition. As described in Plaintiffs' complaint, Triestman paid his employees in cash, claiming that he did so for their convenience. Yet, he conspicuously failed to provide a plausible explanation for how he came up with the cash he used to pay them. He "recalled" borrowing money from family members and others, but did not list any family members (besides his ex-wife) as creditors on his bankruptcy petition. His failure to provide a reasonable explanation for how he came across so much cash, as well as the fact that he paid his employees in cash, led Plaintiffs to believe that he engaged in cash businesses and likely did not report the full extent of his assets on his bankruptcy petition.

5. On October 21, 2011, after the end of discovery, Barbara Savini, Defendant's ex-wife, sent an email to the Court requesting that discovery be reopened so that she could obtain documents and evidence regarding other assets that she believes Triestman left off his bankruptcy petition. Ms. Savini advised me that she made serious efforts to convince the Trustee, Catherine Youngman, Esq., to pursue this discovery during the discovery period, but was rebuffed. Shortly thereafter, the Court denied Ms. Savini's request.

6. Although the Court denied Ms. Savini's request, I hoped that Ms. Youngman would take Ms. Savini seriously and at least issue trial subpoenas on Kevin Orr, Esq. and Mr. Triestman for them to appear at trial and to bring documents with them. She failed to do so and when it became obvious that she had no intention of pursuing any of the subjects that Ms. Savini laid out in her October 21, 2011 letter, I was left with no choice but to issue subpoenas himself. Subpoenas to Kevin Orr, Esq. and Peter Triestman are attached to the <u>Wisniewski Decl.</u> as **Exhibit 1**.

7.  These subpoenas requested relevant information. Surprisingly, Triestman never included Mr. Orr as a creditor on his bankruptcy petition, which implies that Triestman paid all of his bills to Mr. Orr. Plaintiffs' counsel later learned from Ms. Savini, as well as from Ms. Youngman[1], that Mr. Orr claims to have billed a <u>total</u> of $2,100 for all of the legal work that he has performed for Triestman as his family and criminal attorney, which presumably Triestman paid. This is beyond unbelievable because Mr. Orr not only has represented Triestman in his dispute with Ms. Savini, but also has represented him in a currently pending criminal matter in the State of New Jersey. In the criminal matter, Mr. Orr made at least one appeal and the appellate court issued a 17 page decision in Triestman's favor. ***See***, ***State v. Triestman***, 416 N.J.Super. 195, 3 A.3d 634 (N.J.Super.A.D. 2010). In the family court proceeding Orr filed or responded to at least two separate appeals since Triestman declared bankruptcy. ***See***, ***Savini v. Triestman***, 2009 WL 1974553 (N.J.Super.A.D. 2009) and ***Savini v. Triestman***, 2010 WL 2869549 (N.J.Super.A.D. 2010). Notwithstanding these appeals, Mr. Orr, in the criminal case alone, has filed three separate motions. In the family law case, he has filed approximately <u>three feet</u> of documents on Triestman's behalf. Even more amazing, Mr. Orr charges $300 an hour for his week, which would indicate that he spent a total of seven hours on all of his work for Triestman, in two separate cases in two separate areas of the law since 2009.

8.  Finding Mr. Orr's representation that he billed a total of $2,100 for all of this work wholly incredible, Plaintiffs served a subpoena on Mr. Orr that essentially requested two types of documents: (1) non-privileged documents that Mr. Orr prepared for Triestman in any

---

[1] When Plaintiffs' counsel discussed this with Ms. Youngman, she claimed that she found Mr. Orr's representation believable because sometimes attorneys work for free. It is simply beyond belief that an attorney would perform this much work for free.

case; and (2) retainer agreements, invoices, correspondence and any other documents showing payments by Triestman to Mr. Orr. The purpose of the first part of the subpoena was to show the extent of the work Mr. Orr performed for Triestman, which was obviously quite extensive. In order to show that Mr. Orr did not give Mr. Triestman a special deal and essentially worked *pro bono*, the second part requested the retainer agreements that Triestman and Mr. Orr signed, along with billing and payment records records.

9. Plaintiffs also served a subpoena on Mr. Triestman. The subpoena called for the documents requested from Mr. Orr, along with the following classes of documents: (1) documents regarding Triestman's adoption of a child via a private agency around the time of the filing of his bankruptcy petition; (2) documents regarding how he pays for his residence and the property he leased for his company Olek, Inc.; and (3) documents regarding his ownership interests in a company named Bob's Used Cars, Inc. located in Florida, in which allegedly Triestman owns a business interest.

10. Upon information and belief, Triestman apparently adopted a child via an adoption agency around the time he filed for bankruptcy protection. Given Triestman's claim on his bankruptcy petition that he had a total of $14,146.00 in assets and earned a total of $5,000.00 monthly, Triestman was unlikely to be able to afford adopting a child, which could cost as much as $40,000.00.

11. In addition, Triestman allegedly has also been operating his main business, Olek, Inc., out of a 35,000 sq ft property in Newark. He also allegedly rents a $5,000.00 apartment in Newark. Plaintiffs, therefore, requested documents regarding how he paid rent for these properties.

12. Finally, Triestman allegedly also owns a business in Florida called Bob's Used Cars, Inc., which was not included in his bankruptcy petition. Plaintiffs requested documents showing Triestman's ownership in this company and his income from it.

13. Plaintiffs served both subpoenas on November 21, 2011. Shortly thereafter, Triestman's counsel filed a motion to quash both subpoenas on the grounds that Plaintiffs could have obtained this information in discovery, that Plaintiffs did not afford Triestman or Mr. Orr sufficient time to comply with the subpoena, and that the subpoenas impose an undue burden on Triestman and Mr. Orr. On November 23, 2011, Triestman's counsel sent a letter to Plaintiffs' counsel demanding that he withdraw the subpoenas and representing that Mr. Orr intended to move for sanctions of $300.00 an hour for lost work if he were forced to attend the trial. ***See***, Letter attached as **Exhibit 2** to the Wisniewski Decl.

WHEREFORE, your declarant respectfully seeks entry of an Order denying Defendant's motion to quash in its entirety.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief, and am aware that should any of the above be materially false, I may be subject to a criminal penalty.

Executed on November 23, 2011

_____/s/_____
ROBERT WISNIEWSKI (RW- 5308)